Richard Paul MANN, Appellant,

v.

The STATE of Texas, State.

No. 2–94–333–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 12, 1996.

Rehearing Overruled Feb. 6, 1997.

Edwin J. Seilheimer, Walton, Brown, Walton, Seilheimer, et al., Granbury, for Appellant.

Richard Hattox, District Attorney, Granbury, for Appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

The issue in this case is whether we should apply the *Almanza* "egregious harm" test or the rule 81(b)(2) "harmless beyond a reasonable doubt" test to an unobjected-to jury instruction that implicates federal constitutional rights. A jury convicted appellant Richard Paul Mann of aggravated assault with an affirmative finding on the use of a deadly weapon. Mann was sentenced to twenty years in prison and a $5,000 fine. Mann appeals his conviction claiming the court committed reversible error by improperly instructing the jurors that if they had a reasonable doubt as to whether he was guilty of the offense, they should return a verdict of guilty. Because we hold this admittedly improper instruction was harmless beyond a reasonable doubt under rule 81(b)(2), we affirm.

## THE INSTRUCTION

In its charge, the trial court instructed the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of September, 1993, in Hood County, Texas, the defendant, RICHARD PAUL MANN, did intentionally or knowingly or recklessly cause bodily injury to Patricia Beck by striking her with a shovel and that either (1) the shovel was a deadly weapon, as that term has been defined herein or, (2) the injuries inflicted, if any,

were serious bodily injuries, but you further find and believe from the evidence, *or you have a reasonable doubt thereof, then you will find the defendant guilty* of Aggravated Assault.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty of the offense of Aggravated Assault and next consider whether he is guilty of the lesser offense of Assault. [Emphasis added.]

This charge is improper because it instructs the jurors that they may find the defendant guilty even if they have a reasonable doubt as to one of the elements of the offense.

Clearly the words "do not" were inadvertently omitted from the intended phrase "or you [do not] have a reasonable doubt thereof, then you will find the defendant guilty of Aggravated Assault" by the person who typed the charge. The error was not noticed by the court or the parties, and there was no objection lodged against it.

### THE STANDARD OF REVIEW

■ Because Mann did not object at trial to the error in the court's charge, the State argues that we must decide this case under the *Almanza* "egregious harm" standard. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g); *see* TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981); *see also Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App.1994). We disagree because we believe the *Almanza* standard is improper in this context.

■ The Court of Criminal Appeals has made it clear that when an error in a jury charge implicates state or federal *constitutional* rights, we must apply the general harmless error analysis of rule 81(b)(2). TEX.R.APP.P. 81(b)(2); *Abdnor,* 871 S.W.2d at 732 n. 6; *Belyeu v. State,* 791 S.W.2d 66, 75 (Tex.Crim.App.1989), *cert. denied,* 499 U.S. 931, 111 S.Ct. 1337, 113 L.Ed.2d 269 (1991); *Beathard v. State,* 767 S.W.2d 423, 432 (Tex. Crim.App.1989) [1].

■ Due process, guaranteed by the United States Constitution, requires the State to establish all elements of the charged offense beyond a reasonable doubt to convict a defendant. *In re Winship,* 397 U.S. 358, 361–65, 90 S.Ct. 1068, 1071–73, 25 L.Ed.2d 368, 373–76 (1970); *Hankins v. State,* 646 S.W.2d 191, 199 (Tex.Crim.App.1981). Thus, a charge that instructs the jurors to convict the defendant even if they have a reasonable doubt as to one or all of the elements of the charged offense "implicates" federal constitutional rights.

Having already found that the jury charge is improper, we must now, applying rule 81(b)(2), determine whether the error calls for reversal of the conviction. *Harris v. State,* 790 S.W.2d 568, 584 (Tex.Crim.App. 1989).

Rule 81(b)(2) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

TEX.R.APP.P. 81(b)(2).

Our harmless error analysis must focus upon the error rather than the propriety of the outcome of the trial, trace its probable impact upon the jury, and determine whether it contributed to the conviction or punishment. *Harris,* 790 S.W.2d at 585–87. We must focus on the fairness of the trial and the integrity of the process. *Id.* In doing so, we consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity. *Id.* at 587. This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner,

---

**1.** *See also Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967) (harmless beyond a reasonable doubt standard proper for constitutional errors); *Mallory v.*

*State,* 752 S.W.2d 566, 569–70 (Tex.Crim.App. 1988) (rule 81(b)(2) is equivalent of *Chapman* harmless error analysis).

not in the light most favorable to the prosecution. *Id.* at 586.

■ There is no formula by which we can perform this harmless error analysis, but generally, we first isolate the error and its effects and then ask whether a rational trier of fact might have reached a different result if the error and its effects had not occurred. *Id.* at 587–88. If we are unable to determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment, we must reverse the conviction. *Id.* at 584.

■ The State argues that it is Mann's burden "to persuade or review in Court that he suffered some actual harm as a consequence of charging error." But, under the 81(b)(2) standard, Mann need not allege or prove on appeal that he was harmed by the jury charge in question. *Roberts v. State,* 784 S.W.2d 430, 437 n. 2 (Tex.Crim.App. 1990). Rather, his conviction *must* be reversed *unless* we can find no harm under rule 81(b)(2). *Id.* at 438.

### ANALYSIS

■ A review of the jury charge as a whole reveals that the court properly instructed the jurors with regard to the burden of proof and the beyond a reasonable doubt standard in eight different places in the charge. In particular, in the paragraph immediately following the erroneous instruction, the court instructed the jurors "[u]nless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty of the offense of Aggravated Assault." Further, in the definition section of the charge, the court instructed the jurors "[i]n the event you have a reasonable doubt as to

the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict 'Not guilty.'" Additionally, an examination of the record reveals that the State did not exploit the erroneous instruction in closing argument.

Because other sections of the charge properly instructed the jury with regard to the burden of proof and the beyond a reasonable doubt standard and because the State did not exploit the erroneous instruction, we hold that the error did not impinge on the fairness of the trial or the integrity of the trial process. In short, we do not believe the erroneous definition contributed to the guilty verdict.[2]

Having found no reversible error in the proceedings below, we affirm the judgment of the trial court.

DAUPHINOT, J., filed a concurring opinion.

DAUPHINOT, Justice, concurring.

Being more familiar with *Almanza* than I would prefer, I would point out that *Almanza* involved a very similar charge error. The *Almanza* jury was instructed that whether they found beyond a reasonable doubt that he had committed "straight rape" or aggravated rape, they were to convict him of aggravated rape. *Almanza v. State,* 686 S.W.2d 157, 159 (Tex.Crim.App.1984). In light of the well-reasoned and well-written majority opinion, it would appear that today, *Almanza* no longer applies to *Almanza*.

---

2. Mann argues that *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), requires reversal because the charging error in this case is a "structural" error that defies the harmless beyond a reasonable doubt standard. We find that this case is distinguishable from *Sullivan* because here the court properly instructed the jury in other parts of the charge. In *Sullivan,* the court gave a constitutionally infirm definition of "reasonable doubt" throughout the charge. *Id.* at 277, 113 S.Ct. at 2080, 124 L.Ed.2d at 187.

We also find the recent case of *Reyes v. State,* 938 S.W.2d 718 (Tex.Crim.App.1996), distinguishable. In *Reyes,* the court found that the total omission of a reasonable doubt instruction required by *Geesa v. State,* 820 S.W.2d 154 (Tex. Crim.App.1991), is error that is not subject to harmless error analysis under rule 81(b)(2). *Reyes,* 938 S.W.2d at 720. *Reyes* is distinguishable from this case because here the trial court gave an incorrect instruction concerning reasonable doubt in one paragraph, but gave correct instructions in others.