**Richard Paul MANN, Appellant,**

v.

**The STATE of Texas.**

No. 266–97.

Court of Criminal Appeals of Texas, En Banc.

March 11, 1998.

Edwin J. Seilheimer, Granbury, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, Matthew Paul, State's Atty., for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge, delivered the opinion of the Court, in which BAIRD and PRICE, Judges, joined, and in which OVERSTREET and MEYERS, Judges, concur in the result.

Richard Charles Mann, appellant, was convicted by a jury of the offense of aggravated assault on June 14, 1994 in the 355th District Court of Hood County.[1] An affirmative finding as to use of a deadly weapon in the course of commission of this offense was also made. Punishment was assessed by the jury at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

The court of appeals affirmed appellant's conviction and sentence. *Mann v. State*, 937 S.W.2d 56 (Tex.App.—Fort Worth 1996). The court of appeals rejected appellant's contention that an improper jury instruction (not objected to at trial) given by the trial court was reversible error. The court of appeals held the admittedly improper jury instruction was harmless beyond a reasonable doubt under Texas Rule of Appellate Procedure 81(b)(2). We will vacate and remand.

---

1. Appellant was indicted for the offense of attempted murder; his conviction was for the lesser included offense of aggravated assault.

In its analysis of the jury charge as a whole, the court of appeals noted the trial court properly instructed the jurors with regard to the burden of proof and the beyond a reasonable doubt standard in eight different places in the charge. However, in one paragraph of the charge, the words "do not" were erroneously omitted, which meant that the jurors were instructed in that one paragraph that they may find the defendant guilty even if they have a reasonable doubt as to one of the elements of the offense. In finding this one error harmless in the context of the entire charge as given, the court of appeals noted:

> Because the other sections of the charge properly instructed the jury with regard to the burden of proof and the beyond a reasonable doubt standard and because the State did not exploit the erroneous instruction, we hold that the error did not impinge on the fairness of the trial or the integrity of the trial process. In short, we do not believe the erroneous definition contributed to the guilty verdict.

*Mann v. State, supra,* at 59.

In particular, in the paragraph immediately following the erroneous instruction, the trial court instructed the jurors "unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty of the offense of Aggravated Assault." Further, in the definition section of the charge, the court instructed the jurors "in the event you have a reasonable doubt as to the defendant's guilt after considering all of the evidence before you, and these instructions, you will acquit him and say by your verdict 'Not Guilty'." Additionally, an examination of the record reveals that the State did not exploit the erroneous instruction in closing argument.

We granted appellant's petition for discretionary review to consider appellant's sole ground for review:

> The court of appeals incorrectly applied the harmless error doctrine to review charging error that authorized conviction without each element of the offense being proved beyond a reasonable doubt instead of determining that such error was "struc-

tural error" that requires reversal, resulting in a deprivation of petitioner's right to due process guaranteed by the Texas Constitution and the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

In *Abdnor v. State,* 871 S.W.2d 726 (Tex. Crim.App.1994), this Court prescribed the appropriate method for analyzing errors in jury charges, which recognizes the intent of the Legislature as evidenced in Article 36.19, Texas Code of Criminal Procedure. First, the reviewing court must determine whether the jury charge contains error. Second, the court must determine whether sufficient harm resulted from the error to require reversal.

> The standard to determine whether sufficient harm resulted from the charging error to require reversal depends upon whether appellant objected. Where there has been a timely objection made at trial, an appellate court will search for only "some harm." By contrast, where the error is urged for the first time on appeal, a reviewing court will search for "egregious harm."

*Abdnor, supra,* at 731, 732, citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) and *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986).

 It is conceded by both the State and appellant that the charge in the present case contained one paragraph which, taken by itself, inaccurately set forth the State's burden of proof as being less than beyond a reasonable doubt. As appellant failed to object at trial, he must show, in order to prevail on appeal, he suffered egregious harm as a result of this error. In determining if he suffered egregious harm, the error must be "assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Abdnor, supra,* at 733, citing *Arline, supra,* at 351–352, and *Almanza* at 171.

In *Reyes v. State,* 938 S.W.2d 718 (Tex. Crim.App.1996), we held that the total omis-

sion from the jury charge of the reasonable doubt instruction required by *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991) is error that is not subject to harmless error analysis under Rule 81(b)(2). "We hold *Geesa* created an absolute systemic requirement that an instruction on reasonable doubt be submitted to the jury in all cases where the burden of proof requires the jury to find guilt beyond a reasonable doubt and the failure to submit such an instruction is automatic reversible error." *Reyes, supra,* at 721. *Reyes* is distinguishable from the present case in that the court in *Reyes* totally omitted the instruction on reasonable doubt (and such omission was held by us to be incapable of harm analysis under either *Almanza* and *Abdnor* or Rule 81(b)(2) as being, in effect, structural error), whereas in the present case the jury was properly instructed as to reasonable doubt throughout the jury charge and was also properly instructed as to the burden of proof, except in one paragraph.

■ The United States Supreme Court has consistently held that the giving of a constitutionally deficient reasonable doubt instruction violates the Fifth Amendment's requirement that guilt be proven beyond a reasonable doubt. See *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). The Court held, in *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) that the defendant's Sixth Amendment right to trial by jury is violated where the jury instruction fails to instruct the jury that the State's burden of proving the defendant's guilt is one of beyond a reasonable doubt. The Court held further that a constitutionally deficient instruction as to reasonable doubt is the type of constitutional error that cannot be subject to a harm analysis under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Sullivan v. Louisiana,* 508 U.S. at 278–281, 113 S.Ct. at 2081–2082. *See also, Arizona v. Fulminante,* 499 U.S. 279, 306–307, 111 S.Ct. 1246, 1263, 113

L.Ed.2d 302 (1991). Such error, therefore, results in automatic reversal.[2]

■ *Sullivan v. Louisiana,* like *Reyes,* is not dispositive with respect to the present case as the jury charge in *Sullivan* is defective in its entirety as to its definition of the term "reasonable doubt"; whereas "reasonable doubt" in the present case is defined correctly throughout the jury charge, as is the burden of proof (except in one paragraph with respect to burden of proof). We are not persuaded that appellant's due process rights under the Fifth Amendment and his right to trial by jury under the Sixth Amendment are implicated by a jury charge that correctly instructs the jury as to the State's burden of proof throughout save one small portion thereof and also correctly defines the term "reasonable doubt" throughout.

■ We hold, therefore, where an error in the jury charge on reasonable doubt or burden of proof is isolated to one portion thereof and the remainder of the jury charge contains language negating the erroneous portion thereof, the effect of the error is analyzed by employment of the standards set forth by this Court in *Abdnor* and *Almanza,* and which are based on Article 36.19. As the court of appeals incorrectly applied the general rule, i.e., Rule 81(b)(2), for reviewing errors, we vacate the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion.

KELLER, J., delivered a dissenting opinion in which McCORMICK, P.J., and HOLLAND and WOMACK, JJ., join.

KELLER, Judge, dissenting.

The majority determines that the appellate court should have employed an *Almanza* analysis in addressing the jury charge error in the instant case. Since the court of appeals instead used Rule 81(b)(2), the majority returns the cause to that court for reconsideration. Because my understanding of ap-

---

**2.** The jury instruction in *Sullivan v. Louisiana* is the same as that found by the Supreme Court to be unconstitutional in *Cage v. Louisiana.* Among other things, the instruction defined "reasonable doubt" as not being a mere possible doubt but as

being an actual substantial doubt or a doubt that a reasonable man could seriously entertain. What is required is not an absolute or mathematical certainty but a "moral certainty." *Cage v. Louisiana,* 498 U.S. at 39–40, 111 S.Ct. at 329.

pellant's claim differs somewhat from that of the majority, I respectfully dissent.

I perceive appellant's argument to be that the jury charge error was structural and, as such, not subject to a harm analysis at all. He does not take issue with the *type* of harm analysis the court of appeals applied, so when the majority decides that *Almanza* is appropriate, it has decided a question that has not been posed by appellant. And in fact, it would have done appellant no good to argue that the appellate court used the wrong harm analysis because the court had already used the standard most favorable to appellant in evaluating harmlessness.

I agree with the majority's implicit holding that the error in this case was not of a structural nature. The majority says, however, that the difference between this case and *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), is that the charge in *Sullivan* was defective in its entirety whereas, except for the isolated error, reasonable doubt was defined correctly throughout the charge in the present case. This is true, but I do not think it is the crucial difference in the two cases.

The charge in *Sullivan* was constitutionally deficient because it told the jury that the burden of proof was less than "beyond a reasonable doubt." 508 U.S. at 277–278, 113 S.Ct. at 2080–2081, 124 L.Ed.2d at 188 (no jury verdict obtained because instruction insufficient under *Cage*) and 278–281, 113 S.Ct. at 2081–2083, 124 L.Ed.2d at 189–190 (absence of jury verdict means error not subject to a harm analysis); *Cage v. Louisiana*, 498 U.S. 39, 41, 111 S.Ct. 328, 329–330, 112 L.Ed.2d 339 (1990)(instruction permitted finding of guilt upon "a degree of proof below that required by the Due Process Clause"). The result was that the jury did not determine the defendant's guilt beyond a reasonable doubt. The error was structural because it resulted in what amounted to an incomplete verdict.

The jury in the present case was instructed as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of September, 1993, in Hood County, Texas [the appellant], did intentionally or knowingly or recklessly cause bodily injury to [victim] by striking her with a shovel and that either (1) the shovel was a deadly weapon, as that term has been defined herein or, (2) the injuries inflicted, if any, were serious bodily injuries, but you further find and believe from the evidence, or *you have a reasonable doubt thereof, then you will find the defendant guilty of Aggravated Assault.*

(emphasis added). I do not understand the above charge to instruct the jurors that they could find appellant guilty "even if they have a reasonable doubt as to one of the elements of the offense." Op. at ——. The erroneous instruction does not tell the jury to do something contrary to the law; it is just a confusing, incomplete sentence. Because the charge does not instruct the jury that the burden of proof is less than "beyond a reasonable doubt," there is no reason to think that when the jury returned its verdict, the decision to convict was reached upon a misunderstanding of the standard of proof.

As the court of appeals found the error harmless under a standard of review more beneficial to appellant than the standard propounded by the majority, that court must necessarily again find the error harmless. For this reason, rather than remanding the case to the court of appeals, I would simply affirm the judgment.

McCORMICK, P.J., and HOLLAND and WOMACK, JJ., join.