**Kurt Thomas CHASE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–95–125–CR.**

Court of Appeals of Texas, Eastland.

May 14, 1998.

Julius E. Whittier, Dallas, Bruce Anton, Dallas, for appellant.

John C. Vance, Criminal Dist. Atty., Dallas, for appellee.

Before DICKENSON and WRIGHT, JJ., and AUSTIN McCLOUD, Senior Justice.[1]

Opinion

DICKENSON, Justice.

The jury convicted Kurt Thomas Chase of "recklessly causing serious bodily injury to a child." The child was killed, and appellant was tried for "capital murder" of the child. The jury then assessed punishment at 10 years confinement, the maximum punishment which was authorized at the time of the offense, and denied his request for probation. We reverse and remand.

### Background Facts

Appellant was living with the mother of the two-year-old child at the time of the offense. The child's mother had gone out with friends on April 14, 1994. Appellant was sick, and he stayed home with the child. The child was not conscious the next morning, and appellant and the child's mother called "911" for assistance when they became aware of the situation. The State relied upon circumstantial evidence and testimony from the pathologists to support its charges that appellant had intentionally or knowingly caused the death of the child. The indictment alleged that appellant killed the child by striking him against the floor, by striking him against an unknown object, or by shaking him. Appellant testified in his own defense, denying the State's charges. Appellant admitted that he had fallen with the child and that the child was knocked unconscious. Appellant claimed that he got into the shower with the child to wake him up and then later put the child to bed. There is no challenge to the sufficiency of the evidence.

### Points of Error

Appellant presents two points of error. He argues in his first point of error that the trial court erred "in refusing to instruct the jury on the lesser included offense of involuntary manslaughter." We sustain this point,

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting    by assignment.

and the other point need not be discussed.[2] TEX.R.APP.P. 47.1.

### The Charge Which Was Given

Omitting the instructions and definitions, the court's charge and the jury's verdict read as shown:

Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Kurt Thomas Chase, on or about the 14th day of April, 1994, in Dallas County, Texas did intentionally or knowingly cause the death of Gabriel Messenger ... and said Gabriel Messenger was at the time of his death an individual under six years of age, you will find the defendant guilty of the offense of capital murder.

\* \* \*

Now therefore, if you find and believe from the evidence beyond a reasonable doubt that ... defendant ... did intentionally or knowingly cause serious bodily injury to Gabriel Messenger, a child 14 years of age or younger ... you will find the defendant guilty of the offense of intentionally or knowingly causing serious bodily injury to a child fourteen years of age or younger.

\* \* \*

*Now if you find from the evidence beyond a reasonable doubt that ... defendant ... did then and there recklessly cause serious bodily injury to Gabriel Messenger ... you will find the defendant guilty of the offense of recklessly causing serious bodily injury to a child fourteen (14) years of age or younger.*

\* \* \*

Now if you find from the evidence beyond a reasonable doubt that ... defendant ... did negligently cause bodily injury to Gabriel Messenger ... you will find the defendant guilty of the offense of negligently causing bodily injury to a child fourteen (14) years of age or younger.

\* \* \*

*We, the jury, find the defendant guilty of recklessly causing serious bodily injury*

*to a child fourteen (14) years of age or younger, as included in the indictment.* (Emphasis added)

### The Charge Which Was Requested

■ During the charge conference before the jury arguments on guilt-innocence, the record shows the following:

THE COURT: Do we have objections to the way the charge now stands?

\* \* \*

DEFENSE COUNSEL: Your Honor, it seems to me that the Defendant is charged with capital murder and is entitled to the lesser-included [offenses] of involuntary manslaughter and also negligent—criminally negligent homicide.

THE COURT: Well, you have [requested] recklessly cause the death of a child. When the element of the child is proven, was alleged and proven, then the lesser-included [offense] would be the more specific reckless injury to a child. That is included in the charge. And also rather than negligent homicide, the more specific offense would be negligently causing the death of a child [sic], and that is in the charge [but it was not; the charge had "intentionally" causing serious bodily injury, "recklessly" causing serious bodily injury, and "negligently" causing bodily injury].

DEFENSE COUNSEL: Well, our exception is the more specific offense between the two in the case where there's a deceased would be a homicide....

THE COURT: Those are overruled.

### Reason for Decision

The age of the dead child was not a disputed issue. If the jury had found that appellant "intentionally" caused the *death of the child*, it would have been capital murder under TEX. PENAL CODE ANN. § 19.03 (Vernon 1994). If the jury had been permitted to find that appellant "recklessly" caused the *death of the child*, it would have been manslaughter under TEX. PENAL CODE

2. Appellant argues in this point that the trial court erred by improperly limiting the voir dire examination of the jury venire on "the full range of punishment."

ANN. § 19.04 (Vernon 1994). Instead, the jury was permitted to find, and it found, that appellant "recklessly" caused *serious bodily injury to the child.* We hold that the trial court erred in refusing to charge the jury on the lesser-included offense of manslaughter.

■ It is well-settled that if evidence from any source raises the issue of a lesser-included offense, a requested charge on that offense must be included in the court's charge. *Saunders v. State,* 840 S.W.2d 390, 392 (Tex. Cr.App.1992) ("if the evidence raises two inferences regarding the defendant's awareness of the risk, then the jury should be instructed on both inferences."); *Lugo v. State,* 667 S.W.2d 144, 147 (Tex.Cr.App.1984) ("involuntary manslaughter" is by definition a lesser-included offense of "murder").

■ The State argues that appellant was not harmed by the submission of the lesser-included assault offenses because both of the "reckless" conduct offenses ("manslaughter" and "injury to a child") were third degree felonies at the time the child was killed. They are now second degree felony offenses. See the historical notes to TEX. PENAL CODE ANN. §§ 19.04, 22.04 (Vernon 1994 & Supp.1998).

The harm from the submission of the wrong lesser-included offense is shown by reading these portions of the State's argument to the jury during the punishment phase of trial:

> Y'all spent two and a half days deliberating [on the issue of guilt]. I want to thank you for that two and a half days of deliberations. You know it's not over yet, though. What we are faced with now is the maximum of ten years in the penitentiary rather than a life sentence.
>
>          \*      \*      \*
>
> Well, good morning again, ladies and gentlemen. I will be the last speaker to talk to you in this trial. And I would be less than honest if I did not come before you and say that we ... hoped that you would find the Defendant, Kurt Chase, guilty of a more serious offense. But we

respect your verdict, we respect the effort you put into it.

         \*      \*      \*

> Serious bodily injury as the Judge defined [it] for you during the guilt/innocence portion is the impairment, loss of use of organ or bodily member. That would be serious bodily injury. We are not talking about a broken limb. We are not talking about a damage to an organ. *He took the life of this child. ... there is no more extreme injury that could be caused. What we have here is the death of a child. There is no more extreme injury.*
>
> [An objection was made and overruled, and the trial court allowed a "running objection" to the entire line of argument.]
>
> Ladies and gentlemen, the charge that you are assessing the appropriate punishment for is recklessly causing serious bodily injury to a child.... *There is no more serious bodily injury than what we have here* [the death of the child]. There is no more innocent victim than what we have here. There is no more reckless, outrageous behavior than what we have here.
>
> Ladies and gentlemen, if there is no more reckless or serious bodily injury or no more innocent victim, then this is a maximum case. It deserves the full ten years. (Emphasis added)

The jury returned its verdict for the maximum punishment which was authorized for recklessly causing serious bodily injury to a child. While the jury might or might not have returned a verdict for the same punishment for manslaughter if that lesser included offense had been submitted, the State would not have been able to make the argument set forth above. The jury had deliberated for many hours before returning its verdict that appellant "recklessly" caused the injuries which resulted in the death of the child. Appellant made a timely objection to the charge, and it is clear that "some harm" resulted; consequently, the conviction must be reversed under TEX. CODE CRIM. PRO. ANN. Art. 36.19 (Vernon 1981). *Mann v. State,* 964 S.W.2d 639 (Tex.Cr.App.1998)(not yet reported); *Abdnor v. State,* 871 S.W.2d 726, 731–732 (Tex.Cr.App.1994); *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Cr.App.1986);

and *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985).

The judgment of the trial court is reversed, and the cause is remanded.