Jason Edward Kilgore v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-351-CR
No. 10-98-352-CR

     JASON EDWARD KILGORE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court Nos. 97-631-C and 97-632-C
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      A man was found guilty by a jury of the crimes of aggravated sexual assault and
aggravated kidnapping. In two identical appeals, he contends that the trial court erred in
omitting a reasonable-doubt instruction in the punishment phase concerning the State’s burden
of proof of extraneous offense evidence. Appellant has not met his burden of showing error so
egregiously harmful as to deny him a fair and impartial trial. We affirm the judgment of the
trial court in each of the companion cases.
 
Factual and Procedural background
      Jason Edward Kilgore does not challenge the sufficiency of the evidence, thus only a brief
recitation of the facts is needed. On March 15, 1997, Kilgore kidnapped Nancy Perkins Reed
from a convenience store in Moody, Texas. Kilgore then transported Reed to a desolate area
on the Bell/Coryell County line. While there, Reed was struck and raped at knife point by
Kilgore. Kilgore threatened to rape Reed again, but the helicopters that were searching for her
interrupted him.  
      Kilgore was charged with aggravated kidnapping and aggravated sexual assault. He pled
not guilty to both charges. The trial court tried the two offenses together. The jury convicted
him of both. The jury also found that a deadly weapon was used and exhibited during the
commission of the offenses. They assessed punishment at 20 years for the aggravated sexual
assault charge and 20 years plus a $10,000 fine for the aggravated kidnapping charge. Because
the offenses arose from the same criminal episode, the sentences run concurrently.
      He appeals his punishment for both offenses


 asserting that the trial court erred by failing
to instruct the jury properly as to the State’s burden of proof, specifically that evidence of
extraneous conduct must be proved “beyond a reasonable doubt” before it can be considered. 
Was There Error?
      Kilgore contends that the trial court’s failure to include an instruction in the punishment
charge directing the jury not to consider extraneous offenses unless it first found beyond a
reasonable doubt that Kilgore committed those offenses constituted error. He argues that by
this failure to properly instruct the jury, the trial court invited the jury to consider the
extraneous bad acts whether or not the jurors believed the evidence to be true beyond a
reasonable doubt. In his first issue, Kilgore argues that the trial court’s failure to include this
instruction in the charge is per se error and as such, automatic reversible error. In the
alternative, in his second issue he contends we should review it as a constitutional error. 
Finally, his third issue suggests we apply the egregious harm analysis to the alleged error.
      During the guilt/innocence phase, both Kilgore and the State introduced evidence of
extraneous offenses. Without an objection, the State introduced evidence alleging that Kilgore
had previously sexually assaulted Reed. Reed also testified without objection that Kilgore had
held her against her will on at least one prior occasion. The defense, on direct examination of
Kilgore’s mother, elicited evidence that Kilgore had to be transported by the police to a
psychiatric hospital because of being in an “agitated or manic” state on a prior occasion and
that he had also unlawfully used her vehicle while she had been in the hospital. Neither the 
State nor Kilgore introduced any evidence of these extraneous offenses during the punishment
phase. The punishment charge did not include an instruction regarding the State’s burden of
proof on these extraneous offenses. Kilgore neither requested this instruction nor objected to
its omission. 
Applicable Law
      The Court of Criminal Appeals has recently held that article 37.07, section 3(a) requires a
trial court to submit a reasonable doubt instruction for extraneous offenses in the punishment
charge regardless of whether the defendant request such an instruction. Huizar v. State, No.
794-98, slip op. at 11, 2000 WL 202053, at *4 (Tex. Crim. App. Feb. 23, 2000) (op. on
reh’g); see also Frazier v. State, No. 10-99-020-CR, slip op. at 8 (Tex. App.—Waco March
15, 2000). Absent such instruction, the jury might apply a standard of proof less than
reasonable doubt in its determination of the defendant’s connection to such offenses and bad
acts, contrary to section 3(a). Huizar, slip op. at 11. If a trial court fails to submit such an
instruction, the appellate court should conduct the harm analysis prescribed in Almanza. Id. at
12; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g); Frazier,
slip. op. at 8. 
      Under Almanza, an appellant that complains of an error in the charge for the first time on
appeal must show that the error was so egregiously harmful that he was denied a fair and
impartial trial. Almanza v. State, 686 S.W.2d at 171. This requires a showing of actual harm,
not just theoretical harm. Id. at 174. The harm is determined by considering the entire jury
charge; the state of the evidence, including contested issues and the weight of the probative
evidence; the argument of counsel; and any other relevant information revealed by the record
as a whole. Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998). 
Application
      In the case at bar, the trial court did not instruct the jury in any manner about the State's
burden at punishment regarding extraneous offense evidence. Because there was no request or
objection to this omission in the charge, we will apply the Almanza egregious harm standard in
reviewing the record to determine whether Kilgore is entitled to a new punishment hearing. 
      Kilgore does not contend on appeal that the evidence was insufficient to prove beyond a
reasonable doubt he committed the extraneous offenses, only that the instruction was not given. 
The guilt phase charge did include an instruction requiring the jury to find guilt beyond a
reasonable doubt. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). As mentioned
above, the State did not attempt to elicit any specific information or testimony about the
extraneous offenses during the punishment phase. Moreover, Kilgore elicited testimony
regarding some of these extraneous offenses. 
      Reviewing the arguments of counsel during the punishment phase, the State referenced one
of the alleged extraneous offenses that Kilgore complains of on appeal. However, Kilgore also
referred to this extraneous offense in his closing. Defense counsel approached the
extraneous-offense evidence strategically. He argued: 
We can think about the maturity that Jason has gained since this happened. 
Because one of the second things that Mark talked about was that Jason’s mother said
that he is dangerous. That’s not what she said. She believed him, at one time, to be
dangerous enough that she called the police. And if I recall her testimony, she said,
“Jason has changed over the last 12 to 14 months.”

      The punishments assessed were at the lower end of the range for the crimes, aside from
the fact the jury found that Kilgore had used a deadly weapon. Kilgore was sentenced to 20
years for Aggravated Sexual Assault and 20 years for Aggravated Kidnapping, which was
substantially less than the maximum sentence of 99 years or life for each offense.
      Apart from the punishment assessed, we also consider the state of the evidence when
determining whether there was egregious harm. The State's evidence at punishment only
consisted of the testimony of two officers for opinion and reputation evidence as to Kilgore’s
bad character for being peaceful and law-abiding. Kilgore’s evidence at punishment included
the testimony of relatives and family friends that Kilgore had matured while in jail and that he
would abide by the conditions of community supervision.
      During guilt/innocence, Kilgore took the stand and attempted to explain the extraneous
acts to which others had testified, but most of the State’s evidence was corroborated by him. 
For example, as to the prior sexual assault, Kilgore testified that Reed and he “would both
touch each other’s genitals,” while he knew, however, that she was uncomfortable in doing so. 
Her high school guidance counselor’s testimony corroborated Reed’s objection to Kilgore’s
prior sexual advances. Because Kilgore did not refute his guilt of these extraneous offenses,
he had nothing to gain from a reasonable doubt instruction and nothing to lose from its
absence. 
      Considering the record as a whole, the entire charge, the arguments of counsel, the
punishment assessed and the evidence, we hold that Kilgore has not met his burden of showing
that the error was so egregiously harmful as to deny him a fair and impartial trial. We
overrule Kilgore’s third issue.
Issues One And Two
      Kilgore argues in his first issue that the trial court’s failure to charge the jury concerning
the State’s burden of proof for extraneous offenses during the punishment phase constituted
automatic reversible error. Alternatively, in his second issue, he argues that the omission of
such instruction was harmful error under the strict “constitutional” error standard of review. 
Because we have already held that the Almanza “egregious harm” standard applies in this
situation, we need not address Kilgore’s first and second issues. See Huizar, slip op. at 12;
Frazier, slip op. at 8. 
 
 
Conclusion
      We affirm the judgment of the trial court in each of the companion cases.


                                                                         TOM GRAY
                                                                         Justice 

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed on April 19, 2000
Do not publish