

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-0103-CR

_____

RUBEN GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010429455, Honorable John J. McClendon III, Presiding

March 27, 2013

OPINION

Before Quinn, C.J., and Hancock and Pirtle, JJ.

Appellant, Ruben Garcia, appeals his conviction for capital murder[1] and mandatory sentence of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice without the possibility of parole.[2] Appellant presents one issue on appeal, that the trial court erred in failing to *sua sponte* give a lesser-

_____

[1] See TEX. PENAL CODE ANN. § 19.03(a)(7)(A) (West Supp. 2012).

[2] See id. § 12.31(a)(2) (West 2011).

included jury charge on murder in the court's charge. Disagreeing with appellant's contention, we will affirm the judgment of the trial court.

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence. Rather, his contention relates only to the evidence in support of his argument that the trial court erred in failing to give a *sua sponte* instruction to the jury on the lesser-included charge of murder. Therefore, we will briefly discuss the underlying facts as is necessary to properly address the issue raised.

The incident that gave rise to appellant's indictment and subsequent conviction took place on October 1, 2009. On that day, appellant was residing at the home of Rudy Vela, one of the people appellant was convicted of killing, in Lubbock, Texas. Appellant and Vela attended a pool tournament at a local night spot. Before going into the club for the tournament, appellant and Vela smoked marijuana in Vela's car. As the evening progressed, appellant drank with various people attending the tournament. After the tournament was over, appellant and Vela, along with most of the other tournament participants, went to a nearby restaurant/bar and continued drinking. Subsequently, appellant and Vela returned to Vela's home where a number of other individuals came for an impromptu party. During this party, appellant consumed more alcohol and smoked more marijuana.

Eventually, appellant got into an altercation with one of the party participants. According to the testimony at trial, appellant had to be pulled off of Chris "Goose" Guzman. After being separated from Guzman, appellant went into the house from the

game room and returned carrying a large knife. Guzman fled the scene and appellant was talked into giving up the knife.

A while later, appellant obtained another knife. Several witnesses testified that they saw appellant stabbing Vela. Vela died as a result of these stab wounds. Another victim, Jessica Hernandez, died as a result of stab wounds. However, there was no eyewitness testimony from any of the participants that they saw appellant stab Hernandez.

After the State closed its case, appellant's trial counsel presented his opening statement. Appellant's opening statement was almost exclusively dedicated to preparing the jury to hear appellant's self-defense testimony. Appellant's voir dire was also consistent with appellant's intent to rely on a self-defense theory. Appellant testified that he did, in fact, stab Vela and Hernandez. Appellant testified that he did so because he was being attacked. According to appellant's testimony he had been attacked from behind by more than one person and, while being beaten and kicked, saw Vela approaching with a knife. Appellant testified that he took the knife from Vela and began "cutting"[3] with it until the attack on his person stopped and he was able to get away.

The trial court's charge to the jury included a charge on self-defense as to both decedents and as to each individually. The court's charge did not contain a charge on the lesser-included offense of murder as to either of the decedents. After the trial court prepared its charge to the jury, it inquired of counsel for appellant about any objections

---

[3] Appellant used the word cutting as opposed to stabbing.

or requested issues. Appellant's counsel stated he had "no objection to the form of the charge."

During closing arguments, appellant's trial counsel argued that the jury should find that appellant acted in self-defense when he stabbed Vela and Hernandez since appellant had been attacked and, from his perspective, was in danger of imminent death. The jury rejected this argument and found appellant guilty of capital murder.

Appellant's sole issue before this Court is that the trial court erred causing appellant egregious harm by not *sua sponte* charging the jury on the lesser-included offense of murder. We disagree and will affirm the trial court's judgment.

### Lesser-Included Offense

The issue before the Court is whether we will require a trial court to *sua sponte* give a lesser-included offense charge, when the same is neither requested by appellant nor the failure to include such charge is objected to by appellant. Appellant's position is that the trial court is required to give the lesser-included offense charge and that the failure to give the lesser-included charge of murder in this case caused egregious harm and, therefore, the judgment of conviction will have to be reversed. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). The State contends that appellant should not be allowed to claim that the trial court committed error by failing to include the lesser-included offense charge because the doctrines of estoppel, procedural default, or waiver apply to appellant's failure to either request the lesser-included charge

4

or to object to the trial court's failure to include the lesser-included charge.[4] We decline to follow the approach advocated by either the appellant or the State.

Standard of Review and Applicable Law

When reviewing a claim of charge error, the reviewing court begins with a determination of whether the trial court committed error. See Mann v. State, 964 S.W.2d 639, 641 (Tex.Crim.App. 1998). Only after finding that the trial court committed error does the reviewing court enter into a determination of harm that might require reversal. Id. Therefore, our first question is, when is the trial court required to give a lesser-included offense instruction.

The content of the court's charge is governed by article 36.14 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The article provides that the trial judge deliver to the jury "a written charge distinctly setting forth the law applicable to the case." Id.; see Delgado v. State, 235 S.W.3d 244, 247 (Tex.Crim.App. 2007). How does the court determine the law applicable to the case? It is upon this question that appellant's issue rests, because if the lesser-included offense of murder is not part of the "law applicable to the case," then there is no error in the court's charge. See Tolbert v. State, 306 S.W.3d 776, 779 (Tex.Crim.App. 2010).

Analysis

The record reveals that appellant pursued a dedicated trial strategy of a self-defense theory to defeat the State's case. This can be ascertained by reviewing trial

---

[4] We decline to find estoppel for a number of different reasons, however, as cogent to the Tolbert opinion, the finding of estoppel was only in Judge Keasler's concurring opinion.

5

counsel's voir dire, opening statement, and closing argument. In all three of these phases of the proceeding, trial counsel either visited at length with the jury panel about the issue of self-defense (voir dire), discussed the application of self-defense as related to the State's case and proposed evidence (opening statement), or applied the law of self-defense to the facts that the jury had heard (closing argument). Additionally, the court's charge was presented to appellant's trial counsel for review and, after reviewing the same, trial counsel had no objection to the form of the charge. Specifically, the charge did not contain any lesser-included offense of murder and appellant neither requested its inclusion nor objected to the charge because the lesser-included offense was absent.

The Texas Court of Criminal Appeals faced this same question in the Tolbert case. Tolbert was a capital murder case where the trial court failed to *sua sponte* instruct the jury on the lesser-included offense of murder. Id. at 777. The court determined, after reviewing the facts, that appellant had embarked on an "all or nothing" strategy because the evidence concerning the robbery element of the capital murder charge could have supported a finding that appellant did not decide to rob the victim until after she had murdered him. Id. Such a finding would have resulted in an acquittal on the capital murder charge and, without the submission of the lesser-included offense of murder, appellant would have essentially walked away a free person. Id. at 780. The jury, however, convicted appellant and, on appeal, for the first time she raised the issue of the trail court's failure to *sua sponte* instruct the jury on the lesser-included offense of murder. Id. at 778. The intermediate appellate court reversed the trial court's judgment and found that the failure of the trial court to *sua sponte* grant a jury instruction on the

6

lesser-included offense caused appellant to suffer egregious harm. See Tolbert v. State, No. 05-07-00920-CR, 2008 Tex. App. LEXIS 5245, at *14-15 (Tex.App.—Dallas, July 16, 2008) (not designated for publication). Upon reviewing the intermediate court's approach, the Texas Court of Criminal Appeals faulted the court of appeals for assuming that the trial court erred in not *sua sponte* instructing the jury on the lesser-included charge of murder. See Tolbert, 306 S.W.3d at 778. Instead, the first inquiry, as stated above, should be did the trial court err.

So, in our case, did the trial court err in failing to *sua sponte* instruct on murder as a lesser-included offense? The record indicates that it did not. This is because the decision to pursue a self-defense approach to the State's case is that of the appellant's. See Tolbert, 306 S.W.3d at 781 (citing with approval Delgado's, 235 S.W.3d at 250, quotation of Dix and Dawson's treatise that such strategic decisions are best left to the parties and that the trial court should refrain from submitting lesser-included offenses unless requested by the party). A self-defense approach by appellant resulted in the requirement that appellant admit that his conduct constituted commission of the offense charged but interposes a justification for the otherwise criminal conduct. See Shaw v. State, 243 S.W.3d 647, 659 (Tex.Crim.App. 2007). Appellant met this requirement during his direct examination. Having admitted his conduct in committing the murder of both decedents, appellant was able to request and receive a jury instruction on self-defense. This is the type of strategic decision that the Tolbert court was referring to. See Tolbert, 306 S.W.3d at 781. As a result of the self-defense instruction, appellant was seeking to be acquitted for his admitted conduct of killing both decedents. This "all or nothing" strategy is a decision that appellant does not make

7

lightly. It is a decision that, once made, we are not inclined to relieve appellant from the effect of his failure to succeed in persuading the jury about his claim of self-defense. At its most fundamental level, once appellant pursues the "all or nothing" strategy of self-defense, the lesser-included offense of murder is not a part of the "law applicable to the case," and, therefore, the trial court did not commit error in failing to *sua sponte* include a charge on the lesser-included offense of murder. <u>See</u> <u>id</u>. No error having been demonstrated, appellant's single issue is overruled.

## Conclusion

Having overruled appellant's sole issue, the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Publish.