

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00427-CR

KATHY URIOSTE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 22,963-C, Honorable Ana Estevez, Presiding

August 27, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Kathy Urioste, appeals her conviction for the offense of driving while intoxicated with a child passenger,[1] and sentence of two years' incarceration in a state jail facility. Appellant's sole issue on appeal contends that the trial court committed fundamental error in its charge to the jury. Disagreeing, we will affirm.

---

[1] See TEX. PENAL CODE ANN. § 49.045 (West 2011).

## Factual and Procedural Background

On the night of October 18, 2011, Shawn Powell observed a dark-colored truck that was being driven in such a manner that it was straddling two lanes, swerving, driving over curbs, coming to a screeching halt at red lights, and causing other drivers to have to take evasive maneuvers. Powell called 911. Powell described what he had seen and gave the police the license plate number of the truck.

Jimmy Hernandez, a Canyon police officer, was notified about the truck. After seeing the truck being driven on the public streets in Canyon, Texas, Hernandez personally observed it swerve and nearly hit a pole that was beside the road. Hernandez stopped the vehicle. When Hernandez made contact with the driver of the vehicle, appellant, he smelled the odor of an alcoholic beverage coming from inside the truck. During the exchange that followed, Hernandez noticed that appellant's speech was slurred. As a result of his observations, Hernandez attempted to perform the HGN field sobriety test, but he could not complete the test because appellant could not touch the tip of Hernandez's pen with her finger. Hernandez requested appellant take a blood or breath test, but appellant refused. As a result, Hernandez placed appellant under arrest. Appellant's eleven-year-old daughter was a passenger in the truck when Hernandez stopped it.

When appellant arrived at the Randall County jail, appellant again refused to give a blood or breath sample. However, under Texas law, a blood sample must be taken from any person arrested for driving while intoxicated with a child passenger in the vehicle. See TEX. TRANSP. CODE ANN. § 724.012(b)(2) (West 2011). Under this

2

authority, a blood sample was taken from appellant approximately ninety minutes after she had been stopped by Hernandez. When appellant's blood sample was tested, it showed that her blood-alcohol concentration (BAC) was 0.26 grams of alcohol per 100 milliliters of blood, which is over three times the legal limit of 0.08. See TEX. PENAL CODE ANN. §§ 49.01(2)(B) (West 2011), 49.04(a) (West Supp. 2012).

Appellant was subsequently indicted for the offense of driving while intoxicated with a child passenger. The State presented evidence, including the laboratory report identifying the results of the testing of appellant's blood sample and the testimony of the forensic scientist that performed the BAC testing. Appellant did not testify or offer any evidence in her defense. After each side closed, the trial court charged the jury. Appellant raised no objection to the court's jury charge. The jury returned a verdict finding appellant guilty as indicted. After punishment evidence was presented, the jury returned a verdict sentencing appellant to two years incarceration in a state jail facility. The trial court entered judgment on the jury's verdicts. Appellant filed a motion for new trial, which was overruled by operation of law. Appellant timely filed notice of appeal.

Appellant's sole issue on appeal contends that the trial court committed fundamental error when it did not *sua sponte* instruct the jury that BAC test results alone are not sufficient evidence to establish guilt for a driving while intoxicated offense.

Standard of Review

When reviewing a claim of charge error, the reviewing court begins with a determination of whether the trial court committed error. See Mann v. State, 964 S.W.2d 639, 641 (Tex.Crim.App. 1998). Only after finding that the trial court committed

3

error does the reviewing court enter into a determination of harm that might require reversal. See id. Therefore, we must first determine whether the trial court was required to instruct the jury regarding the sufficiency of the BAC test results as proof of appellant's commission of the offense of driving while intoxicated.

The content of the court's charge is governed by article 36.14 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). The article provides that the trial judge deliver to the jury "a written charge distinctly setting forth the law applicable to the case." Id.; Delgado v. State, 235 S.W.3d 244, 247 (Tex.Crim.App. 2007). Relying on Kirsch v. State, 306 S.W.3d 738 (Tex.Crim.App. 2010), appellant contends that the law applicable to the case requires the trial court to instruct the jury that a BAC test result, by itself, is not sufficient to prove intoxication at the time of driving. See id. at 745.

Analysis

While Kirsch does state that "a BAC-test result, by itself, is not sufficient to prove intoxication at the time of driving," id., it does not impose a duty on trial courts to *sua sponte* instruct the jury of this doctrine. In fact, the Court of Criminal Appeals explained that,

> A BAC-test result that is taken within a reasonable period of time after the defendant has been driving and shows that he was above the legal limit of intoxication at the time of taking the test is probative--although not conclusive--of per se intoxication at the time of driving. The BAC test showing intoxication at the time of the test must be supported by some other evidence that indicates intoxication at the time of driving as well. But that judicially imposed requirement deals with the sufficiency of the evidence, not the admissibility or use of evidence. Absent a statute that requires the jury to be instructed about the sufficiency of certain evidence,

4

jurors are not instructed on such issues or limited in their consideration of evidence otherwise fully admissible. "'Texas courts are forbidden from instructing the jury on any presumption or evidentiary-sufficiency rule that does not have a statutory basis.'" Such an instruction is an improper comment on the weight of the evidence.

Id. at 747 (footnotes and citations omitted). Appellant has not identified any statute that requires the jury to be instructed that the results of a BAC test alone are insufficient to support a conviction for driving while intoxicated. Likewise, this Court has been unable to find any such statutory requirement. Thus, the trial court did not err in not instructing the jury regarding its use of the BAC test results. Because we conclude that the trial court did not err, we need not address whether appellant was harmed. See Mann, 964 S.W.2d at 641. We overrule appellant's sole issue.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.