

# NUMBER 13-12-00273-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**STEVEN BATTLES,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Steven Battles appeals two convictions: (1) burglary of a habitation, a first-degree felony, *see* TEX. PENAL CODE ANN. § 30.02(a)(3), (d) (West 2011); and (2) injury to an elderly person, a third-degree felony, *see id.* § 22.04(a)(3) (West 2011).[1]

---

[1] A person commits burglary of a habitation if, without the effective consent of the owner, the person enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Appellant pleaded not guilty to the two charges, but a jury found him guilty. Appellant pleaded true to four enhancement paragraphs, which enhanced the respective offenses to a repeat-felony-offender felony, *see id.* § 12.42(c)(1) (West 2011), and a second-degree felony, *see id.* § 12.42(a)(3). The trial court assessed punishment at imprisonment for forty years for the burglary and fifteen years for injury to an elder, with the sentences to run concurrently. By one issue, appellant argues he was entitled to a necessity defense instruction. We affirm.

## I.  BACKGROUND[2]

The State's two charges against appellant relate to a single episode. Appellant approached a house, and rang the doorbell. When the elderly homeowner approached the locked, closed, and windowed "storm door," appellant asked to use the telephone. The elderly woman did not admit appellant into her home, prompting appellant to beat on the door's glass, and to force the door open. Appellant then reached across the threshold and grabbed her around the neck, injuring her.

## II.  JURY CHARGE

In his sole issue on appeal, appellant argues the trial court erred by failing to allow him an instruction in the jury charge regarding the defense of necessity during the liability

TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). A person causes injury to an elderly individual if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes bodily injury to an elderly individual. *Id.* § 22.04 (West 2011). Appellant does not challenge the sufficiency of the evidence to support his conviction.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

stage of the trial. Appellant contends there was sufficient evidence adduced to warrant the necessity instruction.[3]

## A. Standard of Review and Applicable Law

When an appellate court is presented with an argument that a trial court committed jury charge error, the reviewing court must conduct a two-step inquiry: "First, the reviewing court must determine whether the jury charge contains error. Second, the court must determine whether sufficient harm resulted from the error to require reversal." *Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc); *see Benn v. State*, 110 S.W.3d 645, 648 (Tex. App.—Corpus Christi 2003, no pet.). Once an appellate court finds jury-charge error, it applies one of the two following standards of review: "Where there has been a timely objection made at trial, an appellate court will search for only 'some harm.' By contrast, where the error is urged for the first time on appeal, a reviewing court will search for 'egregious harm.'" *Mann*, 964 S.W.2d at 641 (quoting *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994)).

## B. Discussion

Section 9.22 of the Texas Penal Code states that a person's conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) the legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

---

[3] Appellant did not request an instruction on the defense of necessity, and did not object to the absence of the instruction in the jury charge. During the punishment phase, the trial court later noted, "For the Charge of the Court to the Jury, there was not sufficient . . . evidence for a necessity defense to be submitted to the jury."

3

TEX. PENAL CODE ANN. § 9.22 (West 2011).

When it applies, the necessity defense operates as a justification for committing the charged offense once the defendant admits that he committed the offense. *Juarez v. State*, 308 S.W.3d 398, 403–04 (Tex. Crim. App. 2010) (confession-and-avoidance doctrine applies to defense of necessity). To be entitled to a necessity instruction, "a defendant must admit to the conduct—the act and the culpable mental state—of the charged offense . . . ." *Id.* at 399.

Appellant never admitted committing to the charged conduct, but rather pleaded not guilty, and challenged the State's proof supporting the charges. Therefore, he was not entitled to an instruction regarding the defense of necessity. *See id; Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (en banc); *see also Seymour v. State*, No. 13-11-00572-CR, 2012 WL 3761901, at *2 (Tex. App.—Corpus Christi Aug. 30, 2012, no pet.) (mem. op., not designated for publication). There being no error in the jury charge, we overrule appellant's sole issue on appeal.

## III.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of October, 2013.

4