Affirmed and Memorandum Opinion filed November 9, 2006








Affirmed and Memorandum Opinion filed November 9, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01276-CR

____________

 

WILLIAM HENRY KRIEG, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1034044

 



 

 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant of sexual assault of a child and
assessed punishment at 50 years in prison.  In two issues, appellant argues the
trial court erred in (1) failing to properly instruct the jury, and (2) denying
appellant=s motion to suppress.  We affirm.

Factual and Procedural Background








Appellant met the fourteen-year-old complainant while the
complainant was walking to his girlfriend=s house.  After
meeting with the complainant six or seven times, appellant offered the
complainant $300 if he would permit appellant to perform fellatio on him. 
After appellant performed fellatio on the complainant, appellant gave the
complainant $220 and several baggies of marijuana, which appellant claimed were
worth $80.  A few days later, appellant again performed fellatio on the
complainant.  

The complainant=s mother found the
marijuana in the complainant=s bedroom along with appellant=s business card. 
The complainant told his father what he had done to receive the marijuana, and
identified the man who had given it to him.  The complainant=s parents called
the police and instructed the complainant to call appellant.  Officer Mark Alva
arrived at the complainant=s house to investigate the parents= report.  While
Officer Alva was at the house, appellant drove by in his truck.  The
complainant identified appellant as the man who had given him the marijuana. 
Alva interviewed the complainant and learned how the complainant had obtained
the marijuana.  Alva arrested appellant and searched his truck.  The search
revealed approximately two grams of crack cocaine and several items of drug
paraphernalia.  Appellant was subsequently convicted of sexual assault of a
child and sentenced to 50 years in prison.

Jury Instruction

In his first issue, appellant complains that the trial
court erred during the punishment phase in failing to instruct the jury on the
State=s burden of proof
concerning evidence of extraneous offenses.  During the punishment phase, the
State introduced evidence of the cocaine found in appellant=s vehicle at the
time of his arrest.  The trial court did not instruct the jury that it could
not consider evidence of extraneous acts unless it found beyond a reasonable
doubt that the acts were committed by appellant.  Article 37.07, section 3(a)
of the Code of Criminal Procedure requires such an instruction regardless of
whether the defendant requests the instruction or objects to its omission.  See
Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  








Because appellant failed to object to the trial court=s error, to obtain
a reversal, he must show the error caused him to suffer egregious harm.  See
Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998); Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  Egregious harm exists
when the error was so harmful as to deny the defendant a fair and impartial
trial.  Tex. Code Crim. Proc. Ann.
art. 36.19; Barrera v. State, 982 S.W.2d 415, 417 (Tex. Crim. App.
1998).  To determine whether appellant suffered egregious harm, we view the
error in light of the entire jury charge, state of the evidence, argument of
counsel, and any other relevant information revealed by the record as a whole. 
Mann, 964 S.W.2d at 641.

Texas courts have found that the omission of a reasonable
doubt instruction has not caused egregious harm in various situations,
including: when the defendant did not challenge the sufficiency of the evidence
connecting him to the extraneous offense at trial or on appeal; when the
evidence connecting the defendant to the extraneous conduct is Aclear-cut@; when the
punishment assessed is at the low end or in the middle of the available
punishment range.  See Johnson v. State, 181 S.W.3d 760, 766 (Tex. App.CWaco 2005, pet.
ref=d).  

In this case, appellant admitted he had a drug problem
during his testimony at the punishment phase of trial.  Appellant did not at
trial, nor on appeal, challenge the sufficiency of the evidence connecting him
to the extraneous offense.  The only challenge appellant made to the evidence
at trial and on appeal was a challenge to the search of his car that led to the
seizure of the cocaine.  Further, at the punishment phase, evidence was
admitted consisting of appellant=s stipulation to
the following convictions:  delivery of a controlled substance, possession of a
controlled substance, aggravated robbery, two theft convictions, possession of
marijuana, driving while intoxicated, and driving with a suspended license.  Appellant
particularly urges he was harmed by the improper jury charge because the
prosecutor requested punishment of "not less than 40 years"
confinement, but the jury assessed punishment at 50 years= confinement.  The
range of punishment appellant was facing was 25 to 99 years= confinement.  Tex. Penal Code Ann. ' 12.42(d).  Fifty
years is in the middle range of punishment.  








Based on our review of the record, we conclude appellant
was not denied a fair and impartial trial as a result of the trial court=s failure to
include an instruction on the State=s burden of
proof.  Accordingly, we overrule appellant=s first issue.

Motion to Suppress

In his second issue, appellant contends the trial court
erred in denying his motion to suppress the evidence found in the search of his
vehicle.  At the punishment phase, appellant objected to the admission of the
cocaine and drug paraphernalia found in his vehicle following his arrest. 
Appellant alleges the search of his vehicle was an improper inventory search.

In reviewing a trial court=s ruling on a
motion to suppress, we use a bifurcated standard, giving almost total deference
to the trial court=s determination of historical facts
supported by the record, and reviewing de novo the trial court=s application of
the law of search and seizure.  O=Hara v. State, 27 S.W.3d 548,
550 (Tex. Crim. App. 2000).  When, as here, the trial court does not make
explicit findings of fact, we view the evidence in a light most favorable to
the trial court=s ruling and assume the trial court made
all necessary findings to support its ruling that are supported by the
evidence.  Carmouche, 10 S.W.3d 323 327B28 (Tex. Crim.
App. 2000).  We will uphold the trial court=s ruling on any
theory supported by the law, even if that theory was not advanced at trial by
the State.  Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App.
2003).








Appellant contends the trial court should have granted his
motion to suppress because the State failed to prove the search of appellant=s vehicle was
conducted as a valid inventory search and according to police policies and
procedures.  Specifically, appellant claims police failed to explore reasonable
alternatives to impounding his vehicle.  However, a search incident to a lawful
arrest is an exception to the warrant requirement and requires no additional
justification.  State v. Gray, 158 S.W.3d 465, 467 (Tex. Crim. App.
2005).  Once an officer has probable cause to arrest, he may search the
passenger compartment of a vehicle as a search incident to that arrest.  State
v. Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).  The cocaine and
paraphernalia were discovered in a search of appellant=s vehicle
following his arrest.  Because the evidence was seized as a result of the
lawful search incident to an arrest, the trial court did not err in denying the
motion to suppress.  We overrule appellant=s second issue.

We affirm the judgment of the trial court.

 

 

/s/      Margaret Garner Mirabal

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed November 9, 2006.

Panel consists of
Chief Justice Hedges and Justices and Seymore and Mirabal.[1]

Do Not Publish C Tex. R. App. P. 47.2(b).









[1] Justice Margaret Garner Mirabal
sitting by assignment.