NO. 07-09-00138-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 7, 2010

_____

DAVID RUFUS BUTLER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 20,302-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, David Rufus Butler, appeals his conviction for the offense of burglary of a habitation[1] and sentence of fifty years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

_____

[1] See TEX. PENAL CODE ANN. § 30.02 (Vernon 2003).

## Background

Around 8:00 p.m. on November 16, 2008, appellant was seen driving his vehicle into the Nantucket Apartments at a high rate of speed. As appellant pulled the vehicle into a parking space, he struck a steel pole supporting an upstairs balcony. Appellant emerged from the vehicle and went to the door of one of the apartments. Appellant threw open the screen door to the apartment, and began knocking on the door while yelling obscenities at the occupant of the apartment, Cherice Olivares, and requesting that he be admitted into the apartment. Olivares did not invite appellant into the apartment. When Olivares refused to allow appellant into the apartment, appellant began violently hitting and kicking the door and demanding that he be allowed to enter the apartment.

When appellant's attempts to gain entry into the apartment were rebuffed, appellant broke out the front window of the apartment and climbed into the apartment through the window frame. Olivares began screaming, and two neighbors called 911. After a brief period of time, appellant exited the apartment through the broken window, got into his vehicle, and drove off at a high rate of speed. Soon after appellant left the apartment, Olivares called 911 to report the incident. Olivares reported that she had been assaulted.

After appellant left the scene, one of the neighbors who had called 911, Jessica Thompson, went to the apartment to check on Olivares. Because the apartment door would not open, Thompson spoke to Olivares through the broken window. When Thompson spoke to Olivares, she noticed that Olivares had a black eye, red marks on

her person, and kept placing her hand on the back of her head. Olivares told Thompson that her boyfriend, appellant, had entered the apartment and began hitting her with a closed fist and tried to drag her through the window frame by her ponytail.

Officer Trent Thomas of the Amarillo Police Department was dispatched to the apartment. Thomas spoke with Olivares, who was crying and very emotional. Thomas asked Olivares what happened, and Olivares told him that she had been assaulted inside the apartment. Olivares told Thomas that "the suspect"[2] crawled through the broken window and struck her in the back of the head several times, knocked her to the ground, and dragged her by her hair toward the front door. Thomas indicated that Olivares had blood on her arm and hand, a laceration on her elbow, and a black eye.

Subsequently, appellant was charged by indictment with the offense of burglary of a habitation, enhanced by two prior felony convictions. Appellant pleaded not guilty, and trial was commenced. During trial, appellant attempted to elicit testimony that Olivares had threatened to commit suicide on November 16, 2008, and that his actions at the apartment were directed toward assisting Olivares. To refute this defensive theory and to provide context for the State's theory of the case, the State offered evidence of appellant's alleged assault against Olivares on October 2, 2008. Appellant objected to the admission of evidence of the October incident under Rules 404(b) and 403 of the Texas Rules of Evidence, but the trial court overruled the objections. At the

---

[2] Nothing in the record recounting this conversation between Thomas and Olivares indicates that Olivares ever specifically identified appellant as being the assailant. All of Thomas's testimony at trial referred to "the suspect."

close of evidence and during the charge conference, appellant requested the trial court add a jury instruction on the defense of necessity, but the trial court sustained the State's objection to inclusion of this instruction. However, the trial court did include an instruction limiting the jury's consideration of the evidence of the October 2008 incident. The case was submitted to the jury, who found appellant guilty of burglary of a habitation. Following presentation of evidence on punishment, the jury sentenced appellant to fifty years incarceration.

By three issues, appellant appeals. By his first issue, appellant contends that the evidence was factually insufficient to support appellant's conviction for burglary of a habitation. By his second issue, appellant contends that the trial court erred in refusing to include a necessity instruction in the jury charge. By his third issue, appellant contends that the trial court erred in admitting evidence of the October 2, 2008 extraneous offense. We will address appellant's issues in reverse order.

The Charged Offense

Appellant was charged with the offense of burglary of a habitation. Burglary of a habitation can be committed by multiple means, see TEX. PENAL CODE ANN. § 30.02(a); however, as applicable to this case, the State was required to prove that appellant entered the habitation of Olivares, without the effective consent of Olivares, with intent to commit an assault. See id. at § 30.02(a)(1).

4

Extraneous Offense Evidence

By his third issue, appellant contends that the trial court erred in admitting evidence of an assault that appellant is alleged to have committed against Olivares on October 2, 2008. When the State offered evidence of this alleged assault, appellant objected that it was impermissible evidence of character conformity and that its probative value was substantially outweighed by the danger of unfair prejudice. See TEX. R. EVID. 403, 404(b).[3] However, appellant's issue on appeal is limited to his Rule 403 objection.[4]

Standard of Review

As appellant's issue relates to the trial court's admission of evidence, we review the decision under the abuse of discretion standard. See Billodeau v. State, 277 S.W.3d 34, 39 (Tex.Crim.App. 2009). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1991). A reviewing court applying the abuse of discretion standard should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

_____

[3] Further references to the Texas Rules of Evidence will be by reference to "Rule ___."

[4] While the State contends that appellant waived his objection to this evidence by, later in the trial, stating that he had "no objection" to the admission of the complaint that was filed relating to the October 2, 2008 incident, for purposes of this opinion, we will assume, without deciding, that appellant did not waive his objection.

Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." The use of the word "may" in Rule 403 reflects an intent that the trial judge be given very substantial discretion in balancing probative value and unfair prejudice and that this determination should not be reversed simply because a reviewing court believes that it would have decided the matter otherwise. Manning v. State, 114 S.W.3d 922, 926 (Tex.Crim.App. 2003) (citing Montgomery, 810 S.W.2d at 379).

When evidence is objected to under Rule 403, the trial court must balance the probativeness of the evidence with the danger of unfair prejudice, but start with a presumption favoring probative value. Feldman v. State, 71 S.W.3d 738, 754 (Tex.Crim.App. 2002). In performing the required balancing, a trial court should consider (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. Casey v. State, 215 S.W.3d 870, 880 (Tex.Crim.App. 2007).

<u>Analysis</u>

Appellant objected to the State's offer of testimonial evidence regarding an alleged assault that appellant committed against Olivares on October 2, 2008. Appellant contends that the only purpose served by this evidence was to characterize appellant as "an assaultive criminal in general" and that the State had no need to present the evidence since the prior offense was not germane to the jury's understanding of the case. The State responds that the prior assault was relevant evidence of appellant's intent to assault Olivares in the apartment, an element of the offense as charged, and was contextual evidence that was necessary to explain to the jury why appellant and Olivares were having the confrontation.

Evidence was presented that appellant sought admission into the apartment on November 16, 2008, to attempt to persuade Olivares to ask the prosecutors to dismiss the criminal complaint filed against him based on the October incident. Thus, evidence that charges had been filed against appellant based on a prior incident between appellant and Olivares was relevant to establish the context for the events of November 16. In this respect, the evidence of the prior incident clarified the jury's understanding of the events of November 16, rather than confusing or misleading the jury. Additionally, that the events of November 16 were the result of the pending assault charges rebuts appellant's defensive theory that he broke into the apartment to prevent Olivares from hurting herself. Evidence of extraneous bad acts or offenses allegedly committed by the accused has been held admissible to rebut a defensive theory raised by the accused. <u>Wheeler v. State</u>, 67 S.W.3d 879, 886 n.18 (Tex.Crim.App. 2002) (quoting

7

Albrecht v. State, 486 S.W.2d 97, 101 (Tex.Crim.App. 1972)).  Further, when an accused challenges an element of the offense requiring proof of intent, admission of extraneous offense evidence can help prove intent if the required intent cannot be inferred from the act itself or if the accused presents evidence to rebut the inference that the required intent existed.  Johnson v. State, 932 S.W.2d 296, 302 (Tex.App.--Austin 1996, pet. ref'd).  Thus, we conclude that the evidence of the prior assault was probative evidence of appellant's intent when he entered the apartment and that the State had a significant need for this evidence to rebut appellant's defensive theory that he entered the apartment to help Olivares.  Further, we note that the presentation of the evidence regarding the October incident did not take a significant amount of time to develop, was not the sort of evidence that would likely be given undue weight by the jury, and did not suggest decision on an improper basis.  Finally, the possibility that the jury would use the evidence of an extraneous offense for an improper purpose was greatly lessened by the trial court's jury charge instruction regarding the limited purposes for which the jury could consider the evidence of the October incident.  See Williams v. State, 937 S.W.2d 479, 490 (Tex.Crim.App. 1996) (jury is assumed to follow an instruction as given).

After considering the evidence of the October incident in light of the Casey factors, we cannot say that the trial court abused its discretion in overruling appellant's Rule 403 objection.  Consequently, we overrule appellant's third issue.

8

Necessity Instruction

By his second issue, appellant contends that the evidence established that appellant broke the window and entered the apartment to prevent an immediate suicide attempt by Olivares, and, as such, the trial court erred in denying appellant's requested jury instruction on the necessity justification. The State responds that appellant was not entitled to a necessity instruction because he did not admit that he committed each element of the charged offense and the evidence did not establish that appellant's actions were necessary to avoid imminent harm.

Standard of Review

Review of a claim of charge error starts with a determination of whether the trial court committed error. See Mann v. State, 964 S.W.2d 639, 641 (Tex.Crim.App. 1998). If error is found, then the reviewing court must determine whether sufficient harm resulted from the error to require reversal. Id.

Analysis

Necessity justifies criminal conduct if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

9

TEX. PENAL CODE ANN. § 9.22 (Vernon 2003). Conduct is defined as "an act or omission and its accompanying mental state." TEX. PENAL CODE ANN. § 1.07(a)(10) (Vernon Supp. 2009). To raise necessity as a defense, the defendant must admit he committed the offense and then offer necessity as a justification. Young v. State, 991 S.W.2d 835, 839 (Tex.Crim.App. 1999). The admission of the offense is required because "one cannot establish that an act is justified without first identifying, or admitting to the commission of the act." McGarity v. State, 5 S.W.3d 223, 227 (Tex.App.--San Antonio 1999, no pet.). The Texas Court of Criminal Appeals has recently clarified that the confession and avoidance doctrine applies to the necessity defense and, therefore, a defendant must admit to the conduct of the charged offense, both the act and culpable mental state, to be entitled to a necessity instruction. Juarez v. State, No. PD-0666-09, 2010 Tex.Crim.App. LEXIS 179, at *1 (Tex.Crim.App. March 31, 2010).

In the present case, appellant did not admit to committing the conduct for which he was charged, burglary of a habitation. Appellant did not testify during the guilt-innocence phase of trial. See Maldonado v. State, 902 S.W.2d 708, 712 (Tex.App.—El Paso 1995, no pet.) ("Appellant did not testify during the guilt-innocence phase of trial. His failure to do so or to otherwise admit his crimes prevents him from benefitting from the defense of necessity."). While appellant did not contest the evidence establishing that he committed the act of entering into Olivares's apartment, he did contest whether he took this action with the requisite mental state of the charged offense, *i.e.*, with the intent to commit an assault. Because appellant's defensive theory was predicated on a denial that he possessed the culpable mental state required to prove that he committed the offense of burglary of a habitation, appellant was not entitled to a necessity

10

instruction. See Juarez, 2010 Tex.Crim.App. LEXIS 179, at *21. Since appellant was not entitled to a necessity instruction, the trial court did not err in denying appellant's request for an instruction on the defense of necessity.

The requirement that a defendant must admit to all elements of a charged offense, including the culpable mental state, to be entitled to a defensive instruction does not apply when the defensive issue, by its terms, negates the culpable mental state. See id. at *7. While appellant's defensive evidence regarding his belief that he needed to break into Olivares's apartment to protect Olivares was likely sufficient to entitle him to a jury instruction on mistake of fact, see TEX. PENAL CODE ANN. § 8.02; Granger v. State, 3 S.W.3d 36, 41 (Tex.Crim.App. 1999) (mistake of fact defense, by its terms, negates the culpable mental state), he did not request such a jury instruction from the trial court and does not present that argument on appeal. See TEX. R. APP. P. 33.1(a)(1).

We overrule appellant's second issue.

Factual Sufficiency

By his first issue, appellant contends that the evidence was factually insufficient to support appellant's conviction for burglary of a habitation.[5] By this issue, appellant's

_____

[5] Appellant presents one conclusory statement that might be interpreted as a challenge to the legal sufficiency of the evidence. However, appellant's issue is framed solely as a challenge to the factual sufficiency of the evidence and his prayer requests only that the judgment be reversed and remanded for new trial. See Clewis v. State, 922 S.W.2d 126, 133-34 (Tex.Crim.App. 1996) (remedy for legally insufficient evidence

11

main arguments are that he had the effective consent of Olivares when he entered the apartment and that, because Olivares testified that appellant did not assault her when he entered the apartment, the evidence of his intent to commit an assault was too weak to support his conviction for burglary of a habitation.

Standard of Review

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

---

is acquittal, while remedy for factually insufficient evidence is remand for new trial). Thus, we will limit our review of appellant's issue to whether the evidence was factually sufficient to support the conviction.

<u>Analysis</u>

Appellant's contention that he had consent to enter the apartment is premised on Olivares's testimony that she was not shocked when appellant arrived at her apartment and that, at one point, Olivares attempted to open the front door to the apartment, but was unable to do so. However, whether Olivares expected appellant's arrival at the apartment has no bearing on whether she consented to his entry into the apartment, especially in light of Olivares's testimony that she did not expressly consent to his entering the apartment. Further, because Olivares was unable to open the front door, her actions in no way implied that appellant had consent to enter the apartment. Further, appellant's actions in hitting and kicking the door to the apartment combined with evidence that he repeatedly threatened to break into the apartment if Olivares did not allow him to enter was sufficient to allow the jury to rationally conclude that appellant did not have the effective consent of Olivares to enter the apartment when he broke the window and entered the apartment.

As to appellant's intent to commit assault when entering the apartment, this was the element of the offense that was most contested during the trial. While Olivares did testify that appellant did not hurt her after breaking into the apartment, the jury heard evidence that appellant was angry and demanding entry into the apartment, Olivares called 911 immediately after the incident and reported that she had been assaulted, Thompson observed red marks on Olivares soon after the incident, and Olivares told Thompson and Thomas that she had been assaulted. Additionally, the jury heard evidence that appellant had previously assaulted Olivares, was angry with Olivares

13

because she had not attempted to get charges in that case dismissed, and came to the apartment with the intent to get Olivares to drop these charges. Finally, the totality of the evidence strongly preponderates in favor of appellant's being at the apartment in an attempt to scare or force Olivares to pursue having the prior assault charges against appellant dropped, rather than out of a genuine concern that Olivares was in immediate danger. Giving the jury its due deference in resolving conflicts in the evidence and resolving issues of credibility and demeanor, see Johnson v. State, 23 S.W.3d 1, 8-9 (Tex.Crim.App. 2000), we cannot say that the evidence was factually insufficient to establish that appellant entered Olivares's apartment with the intent to commit an assault.

As the only remaining elements of the offense for which appellant was charged, appellant's identity and whether appellant entered Olivares's apartment, were not disputed at trial or on appeal, we conclude that the evidence was factually sufficient to sustain appellant's conviction for burglary of a habitation. As such, we overrule appellant's first issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.